JAMES CURTIS PURDY v. STATE OF NEBRASKA.

FILED APRIL 23, 1910. No. 16,553.

1. **Adultery: ELEMENTS OF CRIME.** In a prosecution under the statute for unlawful cohabitation with a married woman, the fact that the woman is married is an essential element of the crime charged.

2. ———: EVIDENCE OF MARRIAGE. Where a person is accused of unlawful cohabitation with a married woman, and it appears that there had been a prior marriage between her alleged husband and another woman in 1887, a few years before the time of her alleged mariage in 1890, the burden is upon the state to prove that the bonds of the first marriage were dissolved either by death or divorce before the second marriage took place.

3. ———: ———. In such a case it is prejudicial error to refuse to permit the defendant to prove that the first wife was alive at the time of the alleged second marriage and that she is still the lawful wife of the alleged husband.

ERROR to the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Reversed.*

*J. S. Le Hew* and *Ritchie & Wolff,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

Letton, J.

The plaintiff in error was convicted of unlawful cohabitation with one Nancy J. Lane, who it is alleged in the indictment is a married woman, the lawful wife of William H. Lane. The principal errors allaged relate to the exclusion of testimony for the defense.

William H. Lane testified that he was the husband of Nancy J. Lane; that they were married in Blackhawk, Colorado, in 1890, and that they had resided together as husband and wife from that time until the 5th day of December, 1909. Upon cross-examination he testified that before he married Nancy J. Lane he was married to Mattie Clayton in Iowa in 1887. He was then asked whether Mattie Clayton was still living, and whether he lived with her after he was married to her. Objections to these questions as not being proper cross-examination were sustained. The accused then offered to prove by cross-examination of this witness that "Mattie Clayton is still living, and is still the lawful wife of the witness on the stand, and that the Nancy J. Lane described in the information is not his wife, as claimed by him in his testimony." He also offered to prove that at the time Lane claims to have been married to Nancy Lane he was the lawful husband of Mattie Clayton. Objections were made to these offers, which were sustained. The state then proved circumstances tending to establish the cohabitation of the defendant and Nancy J. Lane in this state. At the conclusion of its evidence the state moved to strike out the testimony of the witness Lane on cross-examination to the effect that he had been married to Mattie Clayton in Iowa in 1887, which motion was sustained. The defendant then called Mr. Lane as his witness, and propounded questions seeking to elicit the fact that he had been married to Mattie Clayton before he married Nancy J. Lane; that Mattie Clayton was still living; and that from and after the year 1887 he and Mattie Clayton lived and cohabited together as husband and wife, and so

held themselves out to the world. Objections were made to all questions of this nature, which were sustained and exceptions taken. The defendant then offered to prove that William J. Lane and Mattie Clayton in 1887, in the state of Iowa, "were duly married in accordance with the laws of the state of Iowa, and thereafter lived together as man and wife, and held themselves out to the world as man and wife, and have ever since remained as man and wife, and that said Mattie Clayton is still living, and that the claimed marriage of the witness with Nancy J. Lane described in the information was wholly void by reason of this former marriage, which has been existing between said William J. Lane and the said Mattie Clayton from the time of said marriage in the year of 1887 to the present time", and made other offers of proof of the fact that Lane was a married man at the time he testifies he was married the second time. These offers were rejected and the evidence excluded.

We are at a loss to understand upon what ground this testimony was excluded. Under the charge in the information, the fact that Nancy J. Lane was a married woman, the wife of William J. Lane, was a material element of the crime charged necessary to be proved. If at the time Lane attempted to marry her he had been married to Mattie Clayton, and they have "ever since remained as man and wife", then Nancy J. Lane never became his wife, and the crime charged was not established. We think this case is governed by the case of *Reynolds v. State*, 58 Neb. 49. In that case Reynolds was indicted for bigamy in marrying one Jennie Ford in Montana in 1895, and one Elsie J. Caulk in Nebraska in 1897. The defense was that the Montana marriage was void, for the reason that both the contracting parties were married at the time. Jennie Ford testified for the state as to her marriage to Reynolds. She also testified that she had formerly been married to one Purman, and that she had obtained a divorce from him in 1893. It was also shown that her only knowledge of this divorce was derived from a

letter written to her by some person in Kansas City. The
attorney general in that case contended that the law
would presume, in favor of the innocence of Jennie Ford,
that Purman was dead· at the time she contracted the
marriage with Reynolds. His successor now contends on
like grounds that it will be presumed in this case that
Lane was free from matrimonial ties at the time he mar-
ried Nancy. In that case the court said: "The better
opinion seems to be that there is in such case no absolute
and inflexible presumption, but that the question is to be
determined by the jury from all the facts in the case." It
seems to us that this must be the rule; that in a criminal
case facts must always outweigh presumptions, and that
the plaintiff in error was entitled to prove by Lane or by
any other competent witness that at the time of the al-
leged marriage in Colorado Lane was a married man, and
therefore incompetent to enter into the marriage relation.
1 Bishop, Marriage, Divorce and Separation, sec. 959.

It is argued, however, that he should further have
offered to prove that no decree of divorce had been ren-
dered dissolving the marriage relation between Lane and
Mattie Clayton. But this burden was not upon him.
When Lane testified that he had been married to Mattie
Clayton, the state should have gone further and proved
by competent evidence that on account of this relation-
ship having.been dissolved, either by death or divorce, he
was competent to contract a matrimonial alliance at the
time of the ceremony in Colorado. *Reynolds v. State,
supra.* When the state procured the withdrawal from the
jury of Lane's testimony that he had been married before,
then the defendant below was certainly entitled to prove
the existence of the marriage relation between Lane and
Mattie Clayton as a part of his defense. The facts should
have been permitted to go to the jury, and it was for.them
to determine from the evidence whether or not Nancy J.
Lane was a married woman at the time of the alleged co-
habitation with the defendant,

44

Plaintiff in error requested an instruction to the effect that, if the jury found that Lane had been married prior to his claimed marriage to Nancy J., and that the former wife was living at that time, then this claimed marriage was void, unless they found beyond a reasonable doubt that Lane had been lawfully divorced from his former wife. It was not error to refuse this instruction as the evidence stood, because the testimony upon which it was based had been excluded; but, had such evidence been in the case, it would have been prejudicial error to refuse to give it. We are of the same opinion as to the refusal to give instruction No. 12, to the effect that, if the jury found that "William H. Lane had been married previous to the marriage he claimed to have had with Nancy J. Lane, then, in the absence of evidence to the contrary, the law presumes this wife was still living, and was still his wife at the time of the claimed marriage with Nancy J. Lane." Lane testified he was married to Mattie Clayton in 1887, and was married to Nancy J. Lane in 1890. There is no presumption of death in this short interval. We think the accused has been deprived of his right to produce evidence material in his defense.

The judgment of the district court is therefore

REVERSED.